Dieter Dammeier SBN 188759
Michael McGill SBN 231613
Zahra Khoury SBN 231065
mcgill@policeattorney.com
**LACKIE & DAMMEIER APC**
367 North Second Avenue
Upland, CA 91786
Telephone: (909) 985-4003
Facsimile:  (909) 985-3299

Attorneys for Plaintiff
RAY WARREN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY WARREN,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BARSTOW, CITY OF BARSTOW POLICE DEPARTMENT, HECTOR RODRIGUEZ, individually and in his capacity as the City Manager for the City of Barstow, CALEB LEE GIBSON, individually and in his capacity of Chief of Police for the City of Barstow; RUDY ALCANTARA, individually and in his capacity as the lieutenant for the City of Barstow Police Department; and DOES 1 THROUGH 10 inclusive,<br><br>Defendants. | Case No. EDCV08-0405 SGL (OP)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF INDIVIDUAL CIVIL RIGHTS AND LIBERTIES, WITH SUPPLEMENTAL STATE LAW CLAIMS;**<br><br>[42 USC § 1983; Cal. Const. Art. I, §§ 2, and 3; California Government Code §§ 3302, 3309.5, 3502.1, 3506, 3502, 3508; California Labor Code 1102.5)<br>**DEMAND FOR JURY TRIAL**<br>[F.R. Civ. P. Rule 38; C.D. Cal. Local Rule 38-1] |

## I.

## PREFATORY

1.   This case involves the unlawful retaliation for the exercise of

individual civil rights and liberties of free expression by City of Barstow. More specifically, Plaintiff, RAY WARREN (WARREN), a peace officer with the City of Barstow, was wrongfully retaliated against by, among other things, being terminated, because he exercised his constitutional right to free speech, and because he reported illegal activities, by filing complaints and letters, grievances regarding multiple state and city policy violations, making a complaint with the District Attorney's office, matters of public interest, exposing The City of Barstow police Department's illegal use of force incidents, and also because he held the position of the Barstow police officers association president. As a result of the Defendants' retaliatory actions, the Plaintiff has brought this lawsuit seeking damages including punitive damages and injunctive relief for personal injury and economic losses he has suffered.

## II.

## JURISDICTION AND VENUE

2. Plaintiffs' action is authorized by 42 U.S.C. §1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. §1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. §1343(4), providing for the protection of civil rights. Federal supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the City of Barstow, in the County of San Bernardino, within the Central District.

## III.

## PARTIES

3. Plaintiff RAY WARREN (Warren), is and was, at all times relevant to the allegations herein, an employee of the City of Barstow, employed as a police officer within the Barstow Police Department. As such, he was and is entitled to the protections of the Public Safety Procedural Bill of Rights Act (Government Code Sections 3300, et seq.).

4. Defendant CITY OF BARSTOW is a municipality organized and existing under the laws of the State of California and wholly located within the County of San Bernardino, California. BARSTOW POLICE DEPARTMENT is a department and/or agency within the City of Barstow. Defendant HECTOR RODRIGUEZ (RODRIGUEZ) was at all times relevant herein during the alleged incidents the City Manager for the City of Barstow. As the City Manager, at all times relevant herein, RODRIGUEZ was charged with policy making authority for all matters alleged herein. In doing the things alleged to have been done, RODRIGUEZ acted in his capacity as the City Manager for the City of Barstow, under color of state law, within the course and scope of his employment, as an official policy maker for the City. Further, RODRIGUEZ ratified all acts by GIBSON, under color of state law, in his official capacity as the City Manager for the City of Barstow. Defendant CALEB LEE GIBSON (GIBSON) was at all times relevant during the alleged incidents the Chief of Police for the Barstow Police Department. As the Department's Head and City's top cop, at all times relevant to the allegations herein, GIBSON was charged with policy making authority for all matters alleged herein. In doing the things alleged to have been done, GIBSON acted in his capacity as Chief of Police for the City of Barstow, under color of state law, within the course and scope of his employment, and as an official policy maker for the City. As a Department Head, GIBSON was vested with policy-making authority over actions such as the ones at issue in this complaint.

5. Lt. Rudy Alcantara was a lieutenant with the City of Barstow at all times relevant herein and second in command and at times Acting Chief for the BARSTOW POLICE DEPARTMENT and his actions were ratified by GIBSON at all times relevant herein. In doing the things alleged to have been done, ALCANTARA acted in his capacity as Lieutenant for the City of Barstow, under color of state law, within the course and scope of his employment and as an official policy maker for the City. His actions were ratified at all times by GIBSON.

6. Defendants DOES 1 through 10 are unknown or unidentified at this time, but are employees of City of Barstow. On information and belief Plaintiff alleges that each Doe is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known to Plaintiff, Plaintiff will seek relief to amend this Complaint to show the true identities of each said DOE in place of their fictitious names as DOES 1 through 10.

7. Defendants, and each of them, were the agent, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

## IV.

## FACTS COMMON TO ALL COUNTS

8. In or about February 2006, Plaintiff was dispatched as a backup Officer to Denny's Restaurant on Main St. regarding several subjects fighting. Sgt M. Hunter was dispatched there also along with two other officers. Plaintiff observed Sgt. Hunter push one of the male subjects from behind, and then push another subject. Plaintiff wrote a memorandum, letter/complaint to Lieutenant Rudy Alcantara bringing to light and exposing the excessive use of Force incident that he witnessed. Plaintiff also expressed concerns about the fact that no report was taken from one of the arrestees who was the victim of an assault with deadly

weapon-hot sauce bottle. Plaintiff followed up several times regarding his complaint. Plaintiff also met with RODRIGUEZ regarding the illegal use of force concerns and concerns as expressed in his letter and status regarding his concerns. RODRIGUEZ told Plaintiff that GIBSON was stonewalling and RODRIGUEZ ratified GIBSON's stonewalling tactics.

9. In or about mid to late 2006, Claimant brought to light and exposed to Human resources of CITY OF BARSTOW inappropriate contacts made by Lt. Rudy Alcantara to a female police officer. Plaintiff took the information to Human Resources; A complaint was then filed and then registered on the female police officer's behalf against Lt. Alcantara as a result of Plaintiff's reporting.

10. In or about July 2006, a corporal program was reinstituted at the Department. Plaintiff as the president of the Barstow police officers association (BPOA), expressed his comments that it would be best for corporals to stay in unit 3 as opposed to moving them to unit 8, as before. A meeting was held with RODRIGUEZ and city employees in the last few months of 2006. The BPOA agreed that the corporals should be in unit three. Plaintiff was told that his position and views did not sit well with management. GIBSON went on telling employees that Plaintiff was the reason that the Corporal Program was stalled.

11. On or about November 2006, Plaintiff in an email asked GISBON for a meeting with the BPOA as per the Memorandum of Understanding (MOU). GIBOSN changed the intent by saying that he would call a general meeting of his own.

12. Plaintiff actively campaigned as the president of the BPOA and per the request of everyone in the Barstow police department, for a twelve-hour shift for police officers in lieu of an eight-hour shift. Plaintiff met with GIBSON and furnished him with a 12-hour schedule that would have given better coverage than the proposed 8's.

COMPLAINT FOR DAMAGES

13. In late 2006 to early 2007, John Cordero who is now at Los Angeles District Attorney's office told Plaintiff that a Sergeant told him that He (Plaintiff) needed to be careful, insinuating that unwarranted adverse actions were going to be taken against him.

14. GIBSON told Claimant that he had heard that Claimant initiated a letter of no confidence.

15. Plaintiff was the president of the Barstow police officers association and in that capacity asked GIBSON in an e-mail on or about November 8, 2006, for a meeting with BPOA. The Chief instead stated that he was going to call a general meeting.

### *Retaliation*

16. Plaintiff brought to light his concerns regarding the excessive use of force incident at Denny's. He was then immediately placed on leave and relieved of duty as the Department initiated an Internal Affairs Investigation against him! The Department did not investigate the excessive use of force incident, let the one year statute of limitation run, then send Plaintiff a letter stating that they interviewed all involved and the investigation was closed. This was not true since the complainant was Plaintiff and he was not interviewed. Defendants stalled the investigation regarding the Sergeant's excessive use of force and incident at Denny's and let it expire and in immediate retaliation put Plaintiff himself under investigation. Plaintiff even met with CITY MANAGER Hector Rodriguez and asked regarding the status of the complaint. RODRIGUEZ responded that GIBSON was stonewalling. RODRIGUEZ ratified GIBSON and ALCANTARA's responses by snowballing himself and letting it die. In retaliation for exposing to light the excessive use of force, Plaintiff was placed under investigation, was then transferred as a punishment to the position of school resources officers on or about late December 2006. When Plaintiff was reassigned to the highly undesirable

position, Officer Torro approached Plaintiff telling him: If you have kept you f....ing mouth shut, you would not have been stuck over there ( referring to the schools).

17. Plaintiff was no longer being designated the Officer in Charge. Plaintiff had been the Officer in Charge for many years before then in the absence of a watch commander. GIBSON institutes the 12-hour shift but only allows Plaintiff to work the eight-hour shift as a punishment.

18. Multiple baseless reprimands followed and a tactical plot and another interrogation and baseless charges and Plaintiff was eventually terminated on or about May 2007.

19. Because Plaintiff reported the alleged illegal acts of Sgt Hunter and Lt. Alcantara, almost immediately thereafter, Plaintiff was targeted and became the subject of ongoing and continued retaliatory acts and harassment including reprimands, being transferred and re-assigned to the position of a Resources School officer in or about December 2006, a highly undesirable position, and was terminated on or about May 2007.

20. Plaintiff was denied ride- a-longs while others in the department were being allowed to even though he was senior to all other officers.

21. Plaintiff was given a reprimand on 12/4/06 when other officers who failed to show for an entire shift were not. Plaintiff was being harassed on every issue and the Department was actively trying to create a way to terminate Plaintiff.

22. GIBSON terminated Plaintiff on or about March 2007 and RODRIGUEZ approved said termination on or about May 2007. GISBON and RODRIGUEZ accused Plaintiff of a criminal act, which the District Attorney's office cleared him on and terminated him.

23. In or about May 2007, Plaintiff was terminated by the Department in retaliation to bringing to light the aforementioned activities.

///

COMPLAINT FOR DAMAGES

7

# V.

# COUNT ONE

*42 U.S.C. §1983 – Against All Defendants*

24. Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

25. As a direct result of the Plaintiff exercising his constitutional rights to free speech by writing memoranda and formal complaints regarding illegal acts of the CITY OF BARSTOW POLICE DEPARTMENT of among other things excessive unjustified illegal use of force against innocent citizens, and bringing to light violations of state law, as well as violations of both City policy, and by actively campaigning as the president of the BPOA for better work hours for the police offices, Plaintiff was retaliated against, with baseless reprimands, being assigned to a highly undesirable position, not allowed to be officer in charge anymore, not allowed to work the 12-hour shift, treated disparately, and became mainly the target and eventually terminated. The memoranda and complaints, inasmuch as they exposed violations of city policy, were a matter of public interest. The resulting retaliatory acts by Defendants were nothing but means to inhibit protected speech, and deprive Plaintiff of his constitutional right to free speech.

26. Subjecting Plaintiff to the numerous reprisals, transferring him to an undesirable position, subjecting him to interrogations, punishing him, initiating a criminal investigation against him, then terminating him from him employment were retaliatory actions intended to punish Plaintiff for exercising his constitutional right to free speech, and intimidating and inhibiting the exercise of his constitutional right to free speech.

27. In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiff under the First and Fourteenth Amendments to the United States Constitution to free expression. Specifically, Defendants have taken the aforementioned actions against Plaintiff in direct retaliation for, and in

response to the various protected activities of Plaintiff. The acts of Defendants, and each of them, by initiating baseless investigations, reprimands, transferring him to undesirable positions, and then terminating Plaintiff were done by Defendants under color of state law. They directly violated Plaintiff's clearly established constitutional and statutory rights. In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiff's rights, or at least in conscious, reckless, and callous disregard of Plaintiff's rights and to the injurious consequences likely to result from the violation of said rights. General, special, and exemplary damages are sought according to proof. Punitive damages are sought against the individual defendants, according to proof.

28. Plaintiff has no plain, speedy nor adequate remedy at law to prevent future violations of his civil rights, and therefore seek extraordinary relief in the form of permanent injunctions, as hereafter described. Damages alone are inadequate and injunctive relief is sought to command defendants

## COUNT TWO

### Supplemental State Claims – Against All Defendants

29. Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

30. In doing the things alleged herein, Defendants violated the rights of Plaintiffs under California Labor Code §1102 by attempting to influence or coerce political activity by retaliating against Plaintiff for exercising his First Amendment rights and constitutionally protected rights. Defendants further violated Labor Code §1101 by controlling and directing, or tending to control or direct the political activities or affiliations of its employees by retaliating against Plaintiffs for exercising their constitutionally protected right. Defendants' further violated Labor Code §1102.5 by retaliating against Plaintiff for disclosing information to

COMPLAINT FOR DAMAGES

9

the City that the Plaintiffs reasonably believed constituted violations of state or federal statute, rule or regulation.

31. In doing the things alleged herein, Defendants violated the rights of Plaintiffs under California Government Code §§3302, 3309.5 which prohibits a public safety employer from interfering with political activities of its public safety officers. Defendants further violated Government Code §3502.1 by taking punitive action against Plaintiff, by giving him negative evaluations, by negatively changing his work conditions, by taking away his Officer in charge duties, for his exercise of free speech.

32. In doing the things alleged herein, Defendants violated the rights of Plaintiff under the California Constitution, Article I, §§2, 3, by restraining Plaintiff's liberty of speech by performing all the above referenced retaliatory acts solely in retaliation for engaging the aforementioned acts of free speech.

33. Plaintiff filed a tort claim on or about July 30, 2007, which was rejected on or about September 24, 2007.

## VI.
## PRAYER

WHEREFORE, Plaintiff prays:

1. For general, special, exemplary and punitive damages according to proof;
2. For costs of suit;
3. For attorneys fees under *42 USC §1988* and otherwise as permitted by law;
4. For injunctive relief as described above; and
5. For other appropriate relief.

Dated: March 24, 2008

Respectfully submitted,

LACKIE & DAMMEIER APC

_[signature]_

Zahra Khoury
Michael A. McGill,
Attorneys for Plaintiff,
RAY WARREN

## DEMAND FOR JURY

Plaintiffs hereby demand a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 3.4.10.1.

Dated: March 24, 2008

Respectfully submitted,

LACKIE & DAMMEIER APC

_[signature]_

Zahra Khoury
Michael A. McGill,
Attorneys for Plaintiff,
RAY WARREN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV08- 405 SGL (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### Central District of California

Ray Warren,

    Plaintiff

V.

CITY OF BARSTOW, CITY OF BARSTOW POLICE DEPARTMENT, HECTOR RODRIGUEZ, individually and in his capacity as the City Manager for the City of Barstow, CALEB LEE GIBSON, individually and in his capacity of Chief of Police for the City of Barstow; (Please see attached list)

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: EDCV08-0405 SGL (OPx)

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Zahra Khoury, SBN: 231065
    Lackie & Dammeier APC
    367 North Second Avenue
    Upland, CA 91786

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK _____  DATE  MAR 2 4 2008

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
            Date                        *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ATTACHMENT

Additional Defendants:

RUDY ALCANTARA, individually and in his capacity as the lieutenant for the City of Barstow Police Department; and DOES 1 THROUGH 10 inclusive,

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Ray Warren

**DEFENDANTS**
CITY OF BARSTOW, CITY OF BARSTOW POLICE DEPARTMENT, (Please see attachment)

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
San Bernardino

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
San Bernardino

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Zahra Khoury
Lackie & Dammeier, APC
367 North Second Avenue
Upland, CA 91786   909-985-4003

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983, et seq. Violation of individual and civil rights and liberties

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☑ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (07/05)                         CIVIL COVER SHEET                              Page 1

EDCV08-0405

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
San Bernardino County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
San Bernardino County

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
San Bernardino County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   March 24, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ATTACHMENT

Additional Defendants:

HECTOR RODRIGUEZ, individually and in his capacity as the City Manager for the City of Barstow, CALEB LEE GIBSON, individually and in his capacity of Chief of Police for the City of Barstow; RUDY ALCANTARA, individually and in his capacity as the lieutenant for the City of Barstow Police Department; and DOES 1 THROUGH 10 inclusive,

    Defendants.