UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     EDCV 08-00405-SGL(OPx)                              Date:  December 15, 2008

Title:     RAY WARREN -*v*- CITY OF BARSTOW, CITY OF BARSTOW POLICE DEPARTMENT, HECTOR RODRIGUEZ, CALEB LEE GIBSON, RUDY ALCANTARA and DOES 1 THROUGH 10
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

        Jim Holmes                                        None Present
        Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                        None present

PROCEEDINGS:     MINUTE ORDER (IN CHAMBERS)

     This matter was heard on October 6, 2008.  With the present motion to dismiss, defendant challenges all claims asserted by plaintiff.  As set forth below, the Court **GRANTS** defendants' motion, **DISMISSES** the First Amended Complaint, but **GRANTS** leave to file a Second Amended Complaint in conformity with this Order.

     Defendants argue that plaintiff failed to comply with the presentation requirement of the California Tort Claims Act.  <u>See</u> Cal. Gov't Code § 970.  As to all of plaintiff's claims except his fifth cause of action, detailed below, this requirement has been met, because plaintiff set forth the basic underlying facts in the claim that was presented to the City.  <u>See</u> <u>Stockett v. Association of California Water Agencies Joint Powers Ins. Authority</u>, 34 Cal.4th 441, 447 (Cal. 2004) ("The claim, however, need not specify each particular act or omission later proven to have caused the injury. . . . A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts.") (internal quotation marks and citation omitted).

     Defendants argue that plaintiff's first cause of action for whistleblower retaliation, Cal. Labor Code § 1102.5 (asserted against the City), should be dismissed because plaintiff fails to allege that

MINUTES FORM 90                                                Initials of Deputy Clerk __jh_____
CIVIL -- GEN

he exhausted administrative remedies by filing a complaint with the Labor Commissioner. Defendants are correct. Considering whether such exhaustion of remedies was required pursuant to § 1102.5, the California Supreme Court noted that exhaustion of administrative remedies is generally required before suit can be filed, and held that only clear legislative intent will relieve a plaintiff of this burden. Campbell v. Regents of University of California, 35 Cal.4th 311, 333-34 (2005). The Court held that there was no clear legislative intent to exempt § 1102.5 claims from the general requirement. Id. Thus, plaintiff must file a complaint with the Labor Commissioner to exhaust his administrative remedies before filing a § 1102.5 claim. This claim is dismissed without prejudice.

Two of the individual defendants move to dismiss the second cause of action, retaliation for the filing of an administrative complaint, which is prohibited by Cal. Gov't Code § 53298. The elements of this claim are summed up nicely by the court in Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1181-82 (E.D. Cal. 2005). Plaintiff has not pleaded these elements, and in opposition to the present motion, he merely suggests that this issue should not be addressed at the pleadings stage. The Court disagrees. Although certainly plaintiff need not prove these elements (or even present evidence in support of them) at this stage, he must set forth factual allegations addressing these elements or face dismissal. This claim is dismissed without prejudice.

All defendants move to dismiss the third cause of action for wrongful termination in violation of public policy. This claim is **DISMISSED WITH PREJUDICE**. The California Supreme Court has held that this claim may not be asserted against individual defendants or public entities. See Miklosy v. Regents of University of California, 44 Cal.4th 876, 900 (Cal. 2008).

Defendants also move to dismiss the fourth cause of action for civil harassment pursuant to Cal. Code Civ. P. § 527.6, California's anti-stalking statute. At the hearing, plaintiff conceded he cannot maintain a claim for injunctive relief based on the facts of this case. The damages he seeks are not authorized under the statute. The fourth cause of action is **DISMISSED WITH PREJUDICE**.

The City moves to dismiss plaintiff's fifth cause of action for Violations of Public Safety Officer Procedural Bill of Rights Act ("POBRA"), Cal. Gov't Code § 3309.5. This claim is subject to the claim presentation requirement of the California Tort Claims Act. Lozada v. City and County of San Francisco, 145 Cal.App.4th 1139, 1153 (2006). Plaintiff has failed to allege that he presented this claim to the City, and the Court dismisses it without prejudice for that reason.

All defendants move to dismiss plaintiff's § 1983 claim based on the First Amendment. At oral argument, plaintiff's counsel candidly admitted she was unprepared to address how this claim survives in light of Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).[1] In Garcetti, the United States

---

[1] Upon inquiry by the Court as to substance of the central holding of Garcetti, however, it became clear to the Court that counsel understands the role that Garcetti plays in ascertaining whether the speech of a public employee is

EDCV 08-00405-SGL(OPx)
RAY WARREN v CITY OF BARSTOW, CITY OF BARSTOW POLICE DEPARTMENT, HECTOR RODRIGUEZ, CALEB LEE GIBSON, RUDY ALCANTARA and DOES 1 THROUGH 10
MINUTE ORDER of October 15, 2008

Supreme Court held "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 421.  Plaintiff's factual allegations, therefore, must address the issue of the job-relatedness -- or non-job-relatedness -- of his speech.  Failure to do so will result in dismissal with prejudice of plaintiff's § 1983 claim.  At this time, plaintiff's § 1983 claim is dismissed without prejudice.

In their opposition, defendants assert that plaintiff failed to attribute specific actions alleged to constitute a First Amendment violation to each individual defendant.  Plaintiff is cautioned that he must, as to each individual defendant sued in his individual capacity, make factual allegations that form the basis of a § 1983 First Amendment claim against each defendant.

Finally, the City moves to dismiss the Monell claim.  Plaintiff has sufficiently alleged this claim based on policymaker and ratification theories.  See Ulrich v. City and County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002) (explaining these two theories of municipal liability).  However, plaintiff's allegations regarding the policy or practice theory are too conclusory to assert a claim on these grounds.  The Monell claim on this basis is dismissed without prejudice to the extent it is based on the policy or practice theory.

As set forth above, the Court **GRANTS** the motion to dismiss and dismisses the First Amended Complaint.  Plaintiff is granted twenty days' **LEAVE TO FILE A SECOND AMENDED COMPLAINT** in conformity with this Order.  The third and fourth causes of action are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

---

protected by the First Amendment.

MINUTES FORM 90                                                                                           Initials of Deputy Clerk __jh_____
CIVIL -- GEN